McLaughlin *v.* Thweatt.

4-5039

Opinion delivered June 6, 1938.

*Leo P. McLaughlin,* for appellant.

*Chas. B. Thweatt,* for appellee.

Humphreys, J. This is an appeal from a final order allowing Mrs. Florence McLaughlin $249.50 for the benefit of her attorney, Charles B. Thweatt, in a divorce suit

brought by him for Mrs. Florence McLaughlin against Mr. Leo P. McLaughlin in the chancery court of Pulaski county on the second day of June, 1936, and from an order denying appellant a refund of $300 which he had paid Charles B. Thweatt in a divorce suit between the same parties in the same court on May 5, 1936.

At the time this suit was brought a suit for divorce between the same parties was pending in said court which had been instituted by her attorney, Charles B. Thweatt, on May 5, 1936.

On May 20, 1936, Leo P. McLaughlin filed a motion to dismiss the first suit on the ground that the chancery court of Pulaski county was without jurisdiction to try same, alleging that he and Mrs. McLaughlin were residents of and resided in Garland county at the time the suit was instituted.

After hearing the evidence upon the issue joined, the court overruled the motion to dismiss the case and entered an order allowing Mrs. McLaughlin temporary alimony, suit money and $350 attorney's fee from which action of the court Leo P. McLaughlin appealed to the Supreme Court. Upon a trial of the cause in this court it was found that the trial court had no jurisdiction to hear same or to make any orders relating thereto and its decree was reversed and the case dismissed. While the appeal was pending in this court, Leo P. McLaughlin voluntarily paid $300 to Charles B. Thweatt on the attorney's fee allowed for his benefit.

The second suit or the one instituted on June 2, 1936, was brought in anticipation that the Supreme Court might hold that Mrs. Florence McLaughlin was not a resident of Pulaski county at the time she instituted her first suit.

Charles B. Thweatt continued to represent Mrs. Florence McLaughlin in the second suit until February 20, 1937, at which time he resigned and withdrew as the attorney of Mrs. Florence McLaughlin and was succeeded by P. A. Lasley, to whom he gave such information as he had obtained in investigating the case and the data he had relating thereto. P. A. Lasley took depositions and made preparations to try same. On July 6, 1937, he made

an application for and obtained an order for $250 fee and $100 suit money which was paid to him by Leo P. McLaughlin.

After the allowance was made to him Charles B. Thweatt filed a motion for an attorney's fee for services rendered prior to his resignation or withdrawal from the case and upon a hearing of the motion and response thereto the court allowed him $200 as an attorney's fee and $49.50 for amounts he had expended in the prosecution of the case and denied appellant's application for a return of the $300 he had paid to Charles B. Thweatt in the suit Thweatt had brought on May 5, 1936; and which was dismissed by the Supreme Court as stated above.

As we read the record only two questions are involved on this appeal.

The first question is whether a defendant in a divorce suit who has voluntarily paid the plaintiff's attorney $300 as an attorney's fee under an order of the court can recover same if the case is later dismissed for the want of jurisdiction. The fee appellant seeks to recover in this case was paid voluntarily by him while the case was pending on appeal in the Supreme Court. He could have waited until the case was determined in the Supreme Court, but he chose to pay it on his own volition rather than wait for a determination of the jurisdictional question involved in that appeal. We think he clearly estopped himself from claiming a return of the fee when he made the payment voluntarily.

The second question involved is whether an attorney who has brought a divorce suit can resign or withdraw therefrom and furnish the information he has gained in prosecuting same and the data he has acquired to an attorney employed to succeed him and apply for and obtain an order for the allowance of an attorney's fee after the attorney who succeeded him had applied for and obtained allowances *pendente lite,* suit money and an attorney's fee. The record in this case is silent as to why Mr. Thweatt resigned or withdrew from the case and we do not think an attorney without showing some good cause for withdrawing can afterwards appear in a case and obtain an order on account of services rendered

by him prior to his resignation. Especially is this true where the attorney furnished his successor with the information he had gained and the data he had obtained for use in the case and after the attorney to whom he surrendered the case had himself applied for and obtained an allowance for an attorney's fee. Had Mr. Thweatt been wrongfully discharged from the case it might be he would be entitled on proper application at the time to have obtained an order for a fee for services rendered to the date of his discharge, but where he surrendered the case voluntarily to a successor and turned over to him such information as he had gained and data he had obtained, we do not think he is in a position to, later on and after his successor had obtained the allowance of a fee, re-enter the case and apply for and obtain an additional fee for himself.

We, therefore, conclude from the record that the order granting him a fee should be reversed, and that the order refusing the application of appellant for a return of $300 paid by him to Thweatt is affirmed.